UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY ALFRED WHITWORTH,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES PAROLE COMMISSION, et al.,<br><br>Respondents. | Case No. 16-cv-01469-HSG (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION; DIRECTIONS TO CLERK**<br><br>Re: Dkt. No. 11 |

On March 24, 2016, Petitioner Jerry Alfred Whitworth, a federal prisoner currently incarcerated at the United States Penitentiary in Atwater, California, filed a document entitled, "Combined Petitions For Audita Querela, Mandamus, Prohibition, For Preliminary Injunctive Relief In The Nature Of Stay Of Prison Transfers, And For Bail, Or Any Other Extraordinary Relief For Which Petitioner May Be Entitled Pursuant To The All Writs Act." Petitioner's case history shows that he had a federal criminal case, *United States v. Whitworth*, Case No. CR 85-0552 JPV, before a former judge of this court, Judge John P. Vukasin. In that case, petitioner was convicted of several counts of espionage and tax evasion following a four-month jury trial. *See United States v. Whitworth*, 856 F.2d 1268, 1270-71 (9th Cir. 1988). In July 1986, Judge Vukasin sentenced petitioner to 365 years in prison, without the possibility of parole for sixty years. *See id.* Petitioner is currently serving his federal sentence.

On August 19, 2016, the undersigned dismissed the instant action noting that petitioner may not seek mandamus relief from this Court. As it was not clear from the contents of the petition whether petitioner was challenging the legality of his 1986 federal criminal conviction and sentence in Case No. CR 85-0552 JPV or challenging the execution of his sentence, the Court gave him instructions for both: (1) filing a motion to vacate, set aside or correct his current

1    sentence pursuant to § 2255 in the court which imposed the sentence; and (2) filing a petition
2    under 28 U.S.C. § 2241 to challenge the execution of his sentence.
3        On September 16, 2016, petition filed a motion for reconsideration clarifying that he was
4    challenging his current conviction and sentence.  The appropriate place for petitioner to challenge
5    his current conviction and sentence is in the criminal case in which the conviction and sentence
6    were imposed, and not in a separate petition.  Accordingly, the motion for reconsideration is
7    DENIED.  The Court notes, however, that petitioner did attempt to first file his petition in his
8    criminal case, Case No. CR 85-0552 JPV, and through no fault of petitioner, the Clerk of Court
9    opened the petition as a new action.
10       Accordingly, in the interests of justice, the Clerk shall re-file Docket No. 1 as a Section
11   2255 motion in Case No. CR 85-0552 JPV.  Because Judge Vukasin is now deceased, the Clerk is
12   directed to assign the motion to the general duty judge pursuant to the Court's Internal Operating
13   Procedure No. 4.I.  The Clerk shall also file a copy of this order in Case No. CR 85-0552 JPV.
14   This order terminates Docket No. 11.
15   **IT IS SO ORDERED.**
16   Dated: 12/1/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

2